IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

KAWAN HENRY PALMER,
*Petitioner*.

Criminal Case No. ELH-17-516
Related Criminal Case No. ELH-17-378;
And
Related Criminal Case No. ELH-17-365

**MEMORANDUM**

In this case, Kawan Henry Palmer, proceeding pro se, has moved to reduce his sentence pursuant to Section 404 of the First Step Act of 2018. ECF 5. He has also filed supplemental motions. ECF 7, ECF 8, ECF 9. I shall refer to the submissions collectively as the "Motion." The government's response in opposition is docketed at ECF 17. The government acknowledges that the defendant is eligible for relief. Nonetheless, it opposes the Motion. No reply has been filed, and the time to do so has expired.

A hearing is unnecessary For the reasons that follow, I shall deny the Motion.

**I. Factual Background**

The matter involves several criminal cases.[1]

In case ELH-17-365 (the "Maryland Case"), the defendant was charged by Information with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. He entered a plea of guilty (Motz, J., presiding) on July 21, 2017. ECF 11. The Plea Agreement is docketed at ECF 8.

---

[1] The cases were originally assigned to Judge J. Frederick Motz, who has retired. The cases were reassigned to me in October 2017. *See* Docket.

In case ELH-17-378 (the "D.C. Case"), the matter was transferred to Maryland from the District of Columbia under Fed. R. Crim. P. 20. ECF 1. Palmer was charged by Information on July 13, 2017, with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and a detectable amount of heroin, in violation of 21 U.S.C. § 846. ECF 1-1. He entered a plea of guilty on July 21, 2017, before Judge J. Frederick Motz. ECF 9. The Plea Agreement is docketed at ECF 6.

At the time of the guilty pleas, the defendant was on supervised release in the United States District Court for the Southern District of New York. The case dates to 1995, and is now docketed as ELH-17-516. In that case, the defendant entered a plea of guilty in the Western District of Virginia to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. *See* SGW-95-017 (W.D. Va.). He was sentenced in 1996 to 262 months of imprisonment and five years of supervised release. *Id.*, ECF 127. Following Palmer's release in that case, his supervision was transferred to New York. *Id.*, ECF 226. Then, on October 6, 2017, supervision was transferred to the District of Maryland.

The case became ELH-17-516. There, Palmer was charged with violation of his supervised release ("VOSR"). On March 20, 2018, the Court held a hearing on the VOSR charge. The Court found that defendant violated the terms of his supervised release, based on his two convictions, as set forth above, in cases ELH-17-365 and ELH-17-368.

Sentencing in all three cases was held simultaneously on March 20, 2018. In cases ELH-17-365 and ELH-17-378, I sentenced the defendant to concurrent terms of 46 months of incarceration. ELH-17-365, ECF 19; ELH-17-378, ECF 14. And, for the violation of supervised release, in case ELH-17-516, I sentenced Palmer to 12 months of imprisonment, consecutive to

the concurrent sentences of 46 months of imprisonment. *See* ECF 17-516, ECF 4. Thus, he received a total sentence of 58 months of imprisonment.

Palmer was released by the Bureau of Prisons to a community halfway house on June 2, 2020. On June 10, 2020, he was placed on home confinement, with a release date of April 12, 2021.

## II. Discussion

Palmer seeks to reduce the sentence imposed in case ELH-17-516. According to the government, the defendant has as his goal that the Bureau of Prisons will credit any time he may have "over-served" for the 1996 sentence. *See* ELH-17-516, ECF 17 at 6; ELH-17-516, ECF 5 at 1.

I need not review the history of § 404 of the First Step Act, and its applicability here, because the government concedes that the defendant is eligible for a discretionary sentence reduction for the sentence imposed in 1996 in case ELH-17-516. *See* ECF 17 at 6-7. But, it argues that such a reduction is not warranted. I agree.

The government has submitted as an exhibit the Presentence Report from the prosecution of the defendant that began in Virginia in 1995 and has since become case ELH-17-516. *See* ECF 19. In addition, the Court has reviewed the Amended Presentence Report, prepared in case ELH-17-378, at ECF 16, and in ELH-17-365, at ECF 12.

With regard to cases ELH-17-365 and ELH-17-378, the defendant was 44 years of age at the time of sentencing in 2018. The defendant "obtained bulk quantities of heroin and cocaine from suppliers" and then "resold" the drugs to "customers in Maryland, Delaware, and Virginia." ECF 16, ¶ 7. The evidence included intercepted communications. The defendant had a final

offense level of 27.  ECF 97.  And, the Guidelines called for a period of incarceration ranging from 87 to 108 months.  ECF 16, ¶ 138.

The Court was very lenient in its sentences.  Moreover, the Court cannot ignore that the defendant committed the offenses in cases ELH-17-378 and ELH-17-365 after he received an extremely lengthy sentence in Virginia in 1996.  Yet, that did not deter the defendant from the commission of the serious offenses that led to two federal cases in 2018.

In sum, the factors set forth in 18 U.S.C. § 3553(a) support a denial of the requested relief.  Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing described in § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Petitioner's history and characteristics are an important consideration in the calculus.  Palmer's criminal history prior to his conviction in case SGW-95-017 includes numerous felony drug-trafficking convictions, resulting in his classification as a career offender when he was sentenced in that case in 1996.

The seriousness of the two underlying drug trafficking conspiracy convictions weighs against relief.  These convictions demonstrate that Petitioner was not deterred by his prior sentences and punishments.  To the contrary, he continued to distribute large quantities of drugs.

Therefore, I shall deny the Motion.

An Order follows.

Date: June 30, 2021

                                       /s                  
Ellen L. Hollander
United States District Judge